# SUPREME COURT OF THE UNITED STATES

## DAVID BROWN v. LOUISIANA

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF LOUISIANA

No. 22–77.  Decided April 3, 2023

The motion of Current and Former Prosecutors, et al. for leave to file a brief as *amici curiae* is granted. The petition for a writ of certiorari is denied.

JUSTICE JACKSON, with whom JUSTICE SOTOMAYOR and JUSTICE KAGAN join, dissenting from the denial of certiorari.

Petitioner David Brown and four codefendants were convicted of first-degree murder in Louisiana following an attempted prison escape. Brown acknowledged that he was involved in his codefendants' initial assault on the victim (one of the prison guards). But during and throughout the trial, Brown insisted that he was not present when the victim was killed, and that he did not intend for the victim to die. Had the jury found Brown less culpable than his codefendants, that finding could have served as a mitigating factor that spared him a sentence of death. Yet the only evidence supporting Brown's account was his own self-serving statement given to police shortly after the event. The jury voted to sentence Brown to death.

As it turned out, one of Brown's codefendants, Barry Edge, had confessed to a fellow inmate. The prosecution obtained a statement from the inmate prior to Brown's trial, but did not disclose it to Brown's counsel until after his sentencing. In the confession, Edge explained that he and another codefendant, Jeffrey Clark, were "'the only ones that were thinking rationally during th[e] highly charged situation,'" and that he "'and Jeff[rey] Clark] made the decision'" to kill the victim in order to help themselves.

2                BROWN *v.* LOUISIANA

JACKSON, J., dissenting

2016–0998, pp. 131–132 (La. 1/28/22), 347 So. 3d 745, 835. At no point in the confession did Edge suggest Brown was involved in the fatal attack; his description of the events leading up to the murder did not mention Brown at all.

The central question before this Court is whether the prosecution violated Brown's due process rights by failing to disclose this confession. *Brady* v. *Maryland*, 373 U. S. 83 (1963). Because the evidence was plainly "favorable" and "material" to Brown's penalty phase, *id.*, at 87, I would have granted certiorari and summarily reversed.

This Court established decades ago that evidence is favorable in the *Brady* context if it has "some value" in helping the defendant's case. *Kyles* v. *Whitley*, 514 U. S. 419, 450 (1995). We have further explained that there is value where, for example, the evidence tends to exculpate the defendant or impeach a witness, *ibid.*, or might reduce the potential penalty, *Brady*, 373 U. S., at 88. Favorable evidence also qualifies as material if there is "any reasonable likelihood" it could have "affected the judgment of the jury." *Wearry* v. *Cain*, 577 U. S. 385, 392 (2016) (*per curiam*) (internal quotation marks omitted).

Here, Edge's confession satisfies the favorability test: By inculpating Edge and Clark in the victim's death—without any mention of Brown—the confession supports an inference that Brown was *not* one of the individuals who killed or decided to kill the victim. It thus provides "some value" in supporting Brown's argument that he was less culpable than his codefendants and did not deserve to be sentenced to death. *Kyles*, 514 U. S., at 450; see also *id.*, at 450–451 (finding evidence with "some" tendency to exculpate the defendant favorable, even though it did not preclude the defendant's participation in the offense).

Edge's confession was also material to the penalty phase of Brown's trial. The fact that Edge confessed without naming Brown or suggesting that he had participated in the murder supplied independent evidence corroborating

Brown's argument that he was not present during the murder and did not intend to kill the victim. Because Louisiana law requires the jury to consider whether the defendant was a "relatively minor" participant in the offense, as well as "[a]ny other relevant mitigating circumstance," La. Code Crim. Proc. Ann., Arts. 905.3 and 905.5, Brown could have used Edge's confession to bolster his mitigation case. And had Brown's jury been presented with the confession, there is a reasonable probability that at least one juror might have viewed Brown's culpability in a different light. See *Cone* v. *Bell*, 556 U. S. 449, 475 (2009) (penalty phase materiality turns on whether, had the evidence not been suppressed, there was a reasonable probability that at least one juror might have voted to "imprison [the defendant] for life rather than sentence him to death"); see also *Wearry*, 577 U. S., at 392 (to be material, the suppressed evidence need only be "sufficient to undermine confidence in the verdict" (internal quotation marks omitted)).

The Louisiana Supreme Court nevertheless held that Edge's confession was not favorable to Brown because it did not specify who actually killed the victim, nor did it expressly state that Brown was "not present or not involved." 347 So. 3d, at 836. The requirement that the withheld evidence must speak to or rule out the defendant's participation in order for it to be favorable is wholly foreign to our case law. See, *e.g.*, *Kyles*, 514 U. S., at 450–451. And it appears that that erroneous requirement tainted the Louisiana Supreme Court's materiality analysis as well. At the materiality stage, the court again emphasized that the confession did not "preclude" or "speak to" Brown's intent or participation, 347 So. 3d, at 837, thereby substantially discounting reasonable inferences about the degree or extent of Brown's participation that a jury might otherwise have drawn. The court then recounted various other reasons why a jury might disregard Edge's statement, while completely "ignoring reasons [it] might not." *Wearry*, 577 U. S.,

4   BROWN *v.* LOUISIANA

JACKSON, J., dissenting

at 394; cf. *Smith* v. *Cain,* 565 U. S. 73, 76 (2012) ("[T]he State's argument offers a reason that the jury *could* have disbelieved [the] undisclosed statements, but gives us no confidence that it *would* have done so.").

We have repeatedly reversed lower courts—and Louisiana courts, in particular—for similar refusals to enforce the Fourteenth Amendment's mandate that favorable and material evidence in the government's possession be disclosed to the defense before trial. See, *e.g., Kyles,* 514 U. S., at 422, 450–453; *Smith,* 565 U. S., at 76–77; *Wearry,* 577 U. S., at 392–394, 396. This Court has decided not to grant Brown's petition for certiorari, but that determination should in no way be construed as an endorsement of the lower court's legal reasoning. In my view, the Louisiana Supreme Court misinterpreted and misapplied our *Brady* jurisprudence in a manner that contravenes settled law.

(ORDER LIST: 598 U.S.)

MONDAY, APRIL 3, 2023

CERTIORARI -- SUMMARY DISPOSITION

| | |
|---|---|
| 21-1373 | D. D. V. LOS ANGELES UNIFIED SCH. DIST. |

The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *Luna Perez* v. *Sturgis Public Schools*, 598 U. S. ___ (2023).

ORDERS IN PENDING CASES

| | |
|---|---|
| 22M88 | SEALED APPELLANT V. UNITED STATES |

The motion for leave to file a petition for a writ of certiorari under seal is denied.

| | |
|---|---|
| 22M89 | MALLORY, NORMAN A. V. ROCKY MOUNTAIN HUMAN SERVICE |
| 22M90 | CANEY, LORING M. V. DEPT. OF TREASURY |

The motions for leave to proceed as a veteran are denied.

| | |
|---|---|
| 22M91 | LMPC0402457 V. BP EXPLORATION, ET AL. |
| 22M92 | GALAN, RAOUL A. V. PETIT, STEPHEN M. |

The motions to direct the Clerk to file petitions for writs of certiorari out of time are denied.

| | |
|---|---|
| 22-23 ) | PUGIN, JEAN F. V. GARLAND, ATT'Y GEN. |
| ) | |
| 22-331 ) | GARLAND, ATT'Y GEN. V. CORDERO-GARCIA, FERNANDO |

The motion of petitioner in No. 22-23 and respondent in No. 22-331 for divided argument is granted.

| | |
|---|---|
| 22-6219 | WOOD, BRUCE V. MAY, WARDEN, ET AL. |
| 22-6342 | KARUPAIYAN, PALANI V. NAGANDA, L., ET AL. |

1

The motions of petitioners for reconsideration of orders denying leave to proceed *in forma pauperis* are denied.

| | |
|---|---|
| 22-6703 | DAVIS, EARNEST A. V. GEICO, ET AL. |

The motion of petitioner for leave to proceed *in forma pauperis* is denied. Petitioner is allowed until April 24, 2023, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33.1 of the Rules of this Court.

### CERTIORARI DENIED

| | |
|---|---|
| 22-488 | HEMPHILL, DARRELL V. NEW YORK |
| 22-527 | RIDDLE, SAMMY J. V. TEXAS |
| 22-531 | WOFSY, ALAN, ET AL. V. SICRE DE FONTBRUNE, VINCENT |
| 22-589 | HOLLOWAY, DARYL V. MILWAUKEE, WI, ET AL. |
| 22-700 | HOWERTON, MARK V. TEXAS |
| 22-701 | HERTERICH, NORMAN B. V. WISS, MARY E., ET AL. |
| 22-702 | RUED, JOSEPH D. V. RUED, CATRINA M. |
| 22-711 | LOPEZ, ARTHUR V. OUR LADY QUEEN OF ANGELS, ET AL. |
| 22-712 | SHALABY, ANDREW W. V. USDC ND IL |
| 22-719 | MACKEY, JESSICA V. AMERICAN MULTI-CINEMA, INC. |
| 22-745 | ROMAN, GILBERT V. FIRE LIFE SAFETY AMERICA, INC. |
| 22-748 | GOLDEN GLOW TANNING SALON, INC. V. COLUMBUS, MS |
| 22-774 | DELGADO, ADAM V. DEPT. OF JUSTICE |
| 22-779 | LUSK, JEFFREY W. V. LAMIN, ALSATA, ET AL. |
| 22-786 | FARIS, MICHAEL V. DEPT. OF AIR FORCE |
| 22-795 | RICHMOND, JAY C. V. LIFE INS. CO. OF NORTH AMERICA |
| 22-802 | MURCO WALL PRODUCTS, INC. V. GALIER, MICHAEL D. |
| 22-813 | TRAPP, SAMUEL E. V. GUNN, JOHN, ET AL. |
| 22-817 | PARKER, JEANNIE V. UNITED AIRLINES, INC. |

| | |
|---|---|
| 22-829 | CRAWFORD, MARLA F. V. RICHMOND CITY SCH. BD. |
| 22-830 | FOREST, COREY V. TENNESSEE |
| 22-6031 | EDWARDS, ANTOINE V. LOUISIANA |
| 22-6121 | CONN, MICHAEL P. V. WEST VIRGINIA |
| 22-6190 | MALLORY, KEVIN P. V. UNITED STATES |
| 22-6657 | ANDERSON, ALEX V. TRUMP, DONALD J. |
| 22-6660 | DIGGS, WINNIE V. SCHMIDT, MARTIN, ET AL. |
| 22-6664 | TEHUTI, SHEIK V. COLLIE, CHRISTOPHER C., ET AL. |
| 22-6667 | STEELE, ROBERT H. V. REDINGTON, DAN |
| 22-6669 | NEWKIRK, KENNETH H. V. CLARKE, DIR., VA DOC |
| 22-6675 | TUNSIL, BARRETT S. V. SHAPIRO, GOV. OF PA, ET AL. |
| 22-6677 | VONVILLE, PHILIP J. V. PENNSYLVANIA |
| 22-6679 | SAUER, DEBRA V. CHICAGO, IL, ET AL. |
| 22-6685 | HAVENS, WARREN V. LEONG, ARNOLD, ET AL. |
| 22-6687 | CARTER, ROBERT D. V. CLAYTON, WARDEN |
| 22-6688 | RIVERS, DANNY R. V. LUMPKIN, DIR., TX DCJ |
| 22-6692 | COLEMAN, JEREZ V. MARYLAND |
| 22-6695 | KUPSKY, RONALD L. V. HEPP, WARDEN |
| 22-6696 | GARCIA, RUDY V. TEXAS |
| 22-6700 | PINNEY, SAMUEL L. V. COLORADO |
| 22-6725 | GORDON, MICHAEL A. V. FLORIDA |
| 22-6743 | GRANT, TARA V. KIJAKAZI, COMM'R, SOCIAL SEC. |
| 22-6760 | LASSEGUE, DAVID V. UNITED STATES, ET AL. |
| 22-6801 | BRUCE, DeSEAN A. V. ARIZONA |
| 22-6817 | CURRY, CARLINE V. MANSFIELD, OH, ET AL. |
| 22-6839 | BROWN, MICHAEL O. V. UNITED STATES |
| 22-6844 | LOYA-PALMA, ELADIO V. UNITED STATES |
| 22-6846 | CORN, CHRISTOPHER L. V. UNITED STATES |

| | |
|---|---|
| 22-6869 | GENSON, DANIEL E. V. KANSAS |
| 22-6872 | GUZMAN, GUSTAVO V. CALIFORNIA |
| 22-6879 | WILLIAMS, BOBBY O. V. APPELLATE COURT OF IL |
| 22-6894 | DUPRE, HIKING V. UNITED STATES |
| 22-6908 | MELENDREZ-SOBERANES, EDUARDO G. V. UNITED STATES |
| 22-6914 | MORGAN, DAVID B. V. UNITED STATES |
| 22-6915 | McCORMICK, LEON H. V. McDONOUGH, SEC. OF VA |
| 22-6916 | MEJIA-QUINTANILLA, CARLOS V. UNITED STATES |
| 22-6925 | COOK, GREGORY A. V. UNITED STATES |
| 22-6926 | DAVENPORT, JESSE V. UNITED STATES |
| 22-6927 | COLLINS, DERRICK D. V. UNITED STATES |
| 22-6934 | SMALLEY, JACK V. V. UNITED STATES |
| 22-6935 | INGRAM, WILLIAM V. ILLINOIS |
| 22-6936 | GELIN, EDSON V. UNITED STATES |
| 22-6947 | SMITH, ALEXANDER S. V. UNITED STATES |
| 22-6956 | DeFRANCE, MICHAEL B. V. UNITED STATES |
| 22-6961 | MURPHY, TERESA G. V. CIR |
| 22-6972 | EARP, DEANDRE V. UNITED STATES |
| 22-6973 | WOLOSZYN, JOSEPH V. UNITED STATES |
| 22-6978 | TOLIVER, DECHAUN V. FORSHEY, WARDEN |
| 22-6981 | ALT, THOMAS R. V. UNITED STATES |
| 22-6982 | SIERRA, DIOGENES D. V. UNITED STATES |
| 22-6984 | REDMOND, CIARAN P. V. UNITED STATES |

The petitions for writs of certiorari are denied.

| | |
|---|---|
| 22-718 | LOUISIANA V. EDWARDS, JAMAAL |

The motion of Louisiana District Attorneys Association for leave to file a brief as *amicus curiae* is granted. The petition for a writ of certiorari is denied.

22-6538    WOOD, TREMANE V. OKLAHOMA

   The petition for a writ of certiorari is denied. Justice Gorsuch took no part in the consideration or decision of this petition.

22-6648    PLOURDE, GLEN V. REDINGTON-FAIRVIEW HOSP., ET AL.

   The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed. See Rule 39.8. As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1. See *Martin v. District of Columbia Court of Appeals*, 506 U. S. 1 (1992) (*per curiam*).

22-6707    CARAFFA, ALFRED E. V. UNITED STATES, ET AL.

   The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed. See Rule 39.8.

### HABEAS CORPUS DENIED

22-6994    IN RE DEVON BANKS-BEY

22-7017    IN RE RONALD WILLIAMS-EL

   The petitions for writs of habeas corpus are denied.

### MANDAMUS DENIED

22-6921    IN RE OSCAR A. MARQUEZ

22-6932    IN RE GARLAND R. GREGORY

   The petitions for writs of mandamus are denied.

22-6701    IN RE ASTARTE DAVIS

   The petition for a writ of mandamus and/or prohibition is

denied.

## REHEARINGS DENIED

| | |
|---|---|
| 22-503 | STENSTROM, GREGORY, ET AL. V. DE COUNTY BOARD OF ELECTIONS |
| 22-5122 | HOBSON, FAYE R. V. MSPB |
| 22-5141 | BYRNE, JODIE L. V. MARYLAND, ET AL. |
| 22-5617 | FARROW, MICHAEL V. TULUPIA, OFFICER, ET AL. |
| 22-5860 | WEBSTER, BRENT E. V. USDC OR |
| 22-5885 | SURLES, CHRISTOPHER V. WARDEN, ET AL. |
| 22-6122 | ALCOSER, DANNY W. V. FORD, KATHRYNE, ET AL. |
| 22-6163 | BROWN, NOEL V. NEW YORK |
| 22-6410 | EL, PERNELL V. WELLS FARGO BANK, N.A., ET AL. |

The petitions for rehearing are denied.

22-5709   JACOBS, ERIKA V. OK TAX COMMISSION

The motion for leave to file a petition for rehearing is denied.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 21-14116-J

ALEX ANDERSON,

                                 Plaintiff - Appellant,

versus

DONALD JOHN TRUMP,
Invidually and in his official capacity as Former President of the
United States of America,

                                 Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Florida

ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the appellant Alex Anderson failed to comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements. See 11th Cir. Rules 26.1-1 through 26.1-4; ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the appellant Alex Anderson has failed to pay the filing and docketing fees to the district court within the time fixed by the rules.

Effective March 21, 2022.

                              DAVID J. SMITH
              Clerk of Court of the United States Court
                of Appeals for the Eleventh Circuit

                                              FOR THE COURT - BY DIRECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-23757-JLK

ALEX ANDERSON, Jr.,

    Plaintiff,

v.

DONALD JOHN TRUMP, invidually and
in his official capacity as Former President
of the United States of America,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE is before the Court on Plaintiff's *pro se* Motion for Leave to Proceed *In Forma Pauperis* (DE 4), filed on October 22, 2021.

Because Plaintiff has moved to proceed *in forma pauperis*, Plaintiff's Complaint is subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915(e)(2)(B), a court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's Complaint is 86 pages, handwritten, and largely incoherent. *See* Compl., DE 1. Plaintiff alleges a contract proposal to Defendant Former President Donald Trump for $300,000 facilitated by reporter Diane Sawyer but fails to advance claims that have merit in fact or law. *Id.* ¶¶ 10–12. Plaintiff also alleges nonsensical claims regarding Flint, Michigan, and other former presidents. *See* Compl.

12.

Furthermore, in his Civil Cover Sheet (DE 1-1), Plaintiff notifies the Court of a similar case, *Anderson v. Perez*, which was dismissed as frivolous on similar grounds. No. 1:20-cv-23696-KMM, 2020 U.S. Dist. LEXIS 194719, at *3 (S.D. Fla. Sept. 10, 2020) (finding that plaintiff's complaint contains ". . . precisely the type of delusional claim that § 1915 screening seeks to avoid.") (citations omitted). Thus, after careful consideration, the Court finds that the above-styled action is frivolous, meriting dismissal of Plaintiff's Complaint.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* **(DE 4)** be, and the same is, hereby **DENIED**;

2. All other pending motions are hereby **DENIED as moot**;

3. Plaintiff's Complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

4. The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, in Miami, Florida, this 27th day of October, 2021.

*James Lawrence King*
**JAMES LAWRENCE KING**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**

cc:   **Clerk of Court**
      Alex Anderson, Jr., *pro se*
      1603 NW 7th Avenue
      Miami, FL 33136

Additional material from this filing is available in the Clerk's Office.