UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX ANDERSON JR.,<br><br>                    Plaintiff,<br><br>-against-<br><br>DONALD JOHN TRUMP, individually and in his official capacity as former President of the United States of America,<br><br>                    Defendant. | 23-CV-7382 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings a breach of contract claim against former President Donald Trump. He alleges that the "cause of action concerns the offer and acceptance of a state contract . . . and the 45th President's 'June 26, 2020' Executive order . . . as an additional pathway utilized by Donald J. Trump to employ . . . Alex Anderson Jr.[.]" (ECF 1, at 5.) By order dated August 25, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. On November 12, 2019, Plaintiff, who is a resident of New York, "made available to the defendant former 45th United States president Donald John Trump an offer for a new York State contract . . . in written content. In the format of the proposal [Plaintiff's] job title was assistant campaign manager." (ECF 1, at 7-8.) The "one (1) year signed contract proposal was for $300,000[.]" (*Id.*) This "contract was delivered to the deft. Donald John Trump . . . by veteran ABC News journalist Diane Sawyer[.]" (*Id.*) "Indeed . . . veteran news journalist Katie Couric and news journalist Diane Sawyer acted as a process server on behalf of [Plaintiff] for more than ten (10) years by and through the messages center, ABC News[.]" (*Id.* at 10.) Plaintiff received "six (6) satisfactory confirmations . . . to indicate that a contract had been made, between the parties and sufficient enough against the sender." (*Id.*)

The complaint also suggests Ivanka Trump's involvement in the above-referenced contract: "In a letter to Ivanka Trump delivered by the petitioner[']s 'process server' Anderson sought to arrange to have the President's daughter personally involved in the business of his contract account with her father." (*Id.* at 12.) Confirmation of "the President's daughter's constructed receipt . . . was in fact identical . . . to[ ] the previous one posted by her father [citations omitted]." (*Id.* at 13.)

"President Donald John Trump's Executive Order of June 26, 2020 as a matter of fact was an additional step 'or' pathway to[ ] employ the petitioner based upon Anderson's [Learning and Employment Records]." (*Id.* at 14.) That Executive Order "mandated that skills would be the qualification for job hiring of others [ ] like that of plaintiff Alex Anderson, who had a criminal background history." (*Id.* at 15.)

In April 2021, Plaintiff contacted the Equal [Employment] Opportunity Commission (E.E.O.C.) concerning his New York State . . . contract valued at $300,000.00 thousand dollars." (*Id.* at 16.) The EEOC explained to Plaintiff that "'the President Donald Trump, was not an employer in the sense of a business . . . and[ ] the employee . . . is in fact . . . alleging that discrimination took place." (*Id.* at 16-17.) "Also in April 2021 [Plaintiff] contacted the United States Dept. of Commerce and that . . . agency informed 'me' that 'I' was not considered to be a 'Federal' [re]gulations related 'to contractors and subcontactors who do business with the federal government.'" (*Id.* at 17-18.)

Plaintiff seeks $300,000, the value of the alleged contract.

Plaintiff refers to another action he brought against former President Trump in the Southern District of Florida. *See Anderson v. Trump*, No. 21-CV-23757 (S.D. Fla. Oct. 27, 2021). In that action, Plaintiff alleged the same set of facts alleged here: he and former President Trump entered into a contract valued at $300,000, which had been "facilitated by reporter Diane Sawyer[.]" *Id.* The Southern District of Florida dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] Under the IFP statute, a frivolous dismissal is "not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute[.]" *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Although a frivolous dismissal "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions[,] . . . if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a [frivolous] disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend." *Id.* Here, the Court finds that Plaintiff theoretically could amend his allegations, found to be frivolous by the Northern District of New York, "through more specific pleading." *Id.* Thus, the Court grants Plaintiff leave to do so.

## DISCUSSION

Plaintiff, who resides in New York, alleges that he and the former President, who resides in Florida, entered into an agreement valued at $300,000. That alleged agreement concerned Plaintiff's being hired as the former President's campaign manager, presumably for the 2020 presidential election. Plaintiff also alleges that the former President breached the contract. On its face, therefore, the complaint suggests that this Court has diversity jurisdiction of Plaintiff's breach of contract claim because the parties are diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

To state a breach of contract claim, a plaintiff must allege four elements: (1) the existence of a contract, (2) performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages suffered as a result of the breach. *See*, *e.g.*, *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). "A complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding, inter alia, the formation of the contract, the date it took place, and the contract's major terms.' Conclusory allegations that a contract existed or that it was breached do not suffice." *Emerald Town Car of Pearl River, LLC v. Phila. Indem. Ins. Co.*, No. 16-CV-1099 (NSR), 2017 WL 1383773, at *7 (S.D.N.Y. Apr. 12, 2017) (quoting *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*, 455 F. App'x 102, 104 (2d Cir. 2012) (summary order)); *accord Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 312 (S.D.N.Y. 2014) (dismissing a contract claim where the complaint alleged, "in a conclusory fashion, that there was an express contractual relationship between the parties, but it d[id] not include any details regarding this alleged express contract" (internal quotation marks omitted)); *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 254 (S.D.N.Y. 2011) (holding that the plaintiffs' failure to "provide facts regarding any specific contract between the parties, how or

when such contract was formed, or any terms of the contract(s) at issue" was "fatal" to their contract claims).

Here, Plaintiff fails to allege facts in support of his breach of contract claim. Although he states that a contract was delivered to the former President, he does not allege any facts suggesting that the former President entered into any agreement with Plaintiff to hire him as his campaign manager. Rather, he states in conclusory terms that the former President entered into and breached a contract. Because Plaintiff does not allege the date the agreement was finalized, describe the specific terms of the agreement, or state any facts suggesting the existence of a contract, he does not state a breach of contract claim against the former President. The conclusory allegations claiming the former President entered into an agreement are insufficient to state a breach of contract claim. Thus, because Plaintiff does not state such a claim, the complaint is dismissed for failure to state a claim upon which he may be granted relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

---

[2] Plaintiff refers to the former President's executive order signed on June 26, 2020, which appears to be Executive Order 13932, "Modernizing and Reforming the Assessment and Hiring of Federal Job Candidates." By its own terms, this Executive Order does not provide a private right of action "against the United States, its departments, agencies, or entities, its officers, employees, agents, or any other person." *Id.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid breach of contract claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail this claim.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 6, 2023
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge